STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

CA 17-248



PATRICK SANDEL, ET AL.

VERSUS

THE VILLAGE OF FLORIEN



**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 67,941
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty and Van H. Kyzar, Judges.

AMENDED AND AFFIRMED AS AMENDED.

**Paul Boudreaux, Jr.**
**Vilar & Green, LLC**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFFS APPELLEES:**
    **Patrick Sandel**
    **Donovan Wade Lagrange**

**Anna Louise Garcie**
**Attorney at Law**
**P. O. Box 575**
**Many, LA 71449**
**(318) 729-9104**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **The Village of Florien**

**Mark Felipe Vilar**
**Vilar & Green, LLC**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFFS APPELLEES:**
    **Patrick Sandel**
    **Donovan Wade Lagrange**

**Aaron L. Green**
**Vilar & Green, LLC**
**P. O. Box 12730**
**Alexandria, LA 71315-2730**
**(318) 442-9533**
**COUNSEL FOR PLAINTIFFS APPELLEES:**
    **Patrick Sandel**
    **Donovan Wade Lagrange**

**Lani B. Durio**
**Attorney at Law**
**8585 Archives Ave.**
**Baton Rouge, LA 70809**
**(225) 922-1180**
**COUNSEL FOR OTHER:**
    **Tom Schedler, La. Sec. of State**

**KYZAR, Judge.**

The defendant/appellant, the Village of Florien (Florien), appeals the judgment of the trial court finding in favor of the plaintiffs/appellees, Patrick Sandel and Donovan Wade Lagrange. The plaintiffs filed suit against the governing authority of Florien to invalidate an election held allegedly in violation of several statutes governing local option elections to permit or prohibit the sale of alcohol. The trial court found the election and resulting ordinances to be null, void, and unenforceable. Florien filed this appeal. Finding no manifest error and no reversible error of law in the trial court's judgment, we affirm the judgment after amending it to address a legal question pretermitted by the trial court.

I.

**ISSUE**

We must decide whether the trial court legally erred or manifestly erred in finding the election null and void.

II.

**FACTS AND PROCEDURAL HISTORY**

The governing authority of Florien, the Board of Aldermen (Board), was presented with a petition to call an election to determine whether the sale of alcoholic beverages would continue to be permitted in Florien. The results of the election, by a very narrow margin of two to six votes on each of five propositions, were to discontinue the sale of alcohol in Florien. Alleging numerous violations in the petition to call the election and in the election process, the plaintiffs brought suit against Florien to void the election and the resulting resolution and ordinance

passed to enforce the results. Finding too many irregularities in the election process to satisfy the criteria of substantial compliance with the governing statutes, the trial court invalidated the election, decreeing in its judgment that the election was null, void, and unenforceable. Florien appealed the judgment.

## III.

## STANDARDS OF REVIEW

Upon review, an appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Questions of law involving the correct interpretation of legislation are reviewed de novo, without deference to the legal conclusions of the trial court. *Durio v. Horace Mann Ins. Co.*, 11-0084 (La. 10/25/11), 74 So.3d 1159.

## IV.

## LAW AND DISCUSSION

Florien asserts that the trial court erred in granting the plaintiffs' petition to void the election. It argues that its own petition to call the local option election was valid under La.R.S. 26:584, and that the election process was in substantial compliance with Title 26.

### *Applicable Statutes*

The election suit on appeal comes under Title 26, Chapter 3, of Louisiana Revised Statutes, which provides the procedure for calling local option elections to either allow or prohibit the sale of liquors and alcoholic beverages in a particular area. The applicable statutes governing the issues on appeal are La.R.S.

2

26:582–595, and La.R.S. 18:402(F). These statutes provide the following procedures for calling and conducting elections to permit or prohibit the sale of alcohol. They also mandate the post-election procedures for promulgating resolutions and ordinances based upon the election results.

At least twenty-five percent of qualified electors must sign the petition in order for the governing authority to order a referendum election to be held on whether or not the business of selling alcoholic beverages will be conducted and licensed in the ward, district, or municipality. La.R.S. 26:582. The petition is submitted to the registrar of voters who determines the number of qualified voters in the area on the date of the first signature. *Id*.

The form for the petition to call the election is set forth in detail in La.R.S. 26:584. Substantial compliance with the statutes is required. The petition must be typed or printed; it must list five specific propositions;[1] it must contain the signature of the voter, the date signed, the signer's ward or election district and

---

[1] The five statutory propositions are:

"(1) Shall the sale of beverages of alcoholic content containing not more than six percent alcohol by volume be permitted by package only and not for consumption on the premises?

"(2) Shall the sale of beverages of alcoholic content containing not more than six percent alcohol by volume for consumption on the premises be permitted?

"(3) Shall the sale of beverage alcohol containing one-half of one percent alcohol by volume and above for consumption on the premises be permitted?

"(4) Shall the sale of beverages of alcoholic content containing one-half of one percent alcohol by volume and above be permitted by package only and not for consumption on the premises?

"(5) Shall the sale of beverages of high and low alcoholic content be permitted only on the premises of restaurant establishments which have been issued an "R" permit as defined by law? "

La.R.S. 26:584(B).

precinct, and the signer's residential address, all handwritten by the signer *and* all typed or printed. The petition must also contain the name of the witness to the signatures and the date witnessed. *Id.*

The petition must be filed with the registrar of voters within sixty days of the date of the first signature on the petition. La.R.S. 26:585. The registrar of voters must publish the notice of the filing of the petition in the official journal of the parish or municipality within fifteen days of its filing. *Id.* Pursuant to La.R.S. 26:586(A), the registrar of voters checks the petition and within thirty days files it with the governing authority, attaching his sworn verification showing: (1) the date the petition was filed; (2) a copy of the publication of notice; (3) the date of the first signature; (4) the number of qualified electors on the registration rolls on date of first signature; (5) that he has compared each signature with that on the registration rolls; (6) the total number of genuine signatures; and (7) the number of signatures not signed or written as required in La.R.S. 26:584 above. La.R.S. 26:586(A).

The governing authority attaches a sworn statement to the registrar's verification showing the date, month, and year, the verification was filed. La.R.S. 26:587(A). If the petition conforms with all of the provisions of Chapter 3, the governing authority "shall" adopt a resolution or ordinance ordering the election "at the next meeting held after the verification was filed" by the registrar. La.R.S. 26:587(B). The date of the election "shall" be fixed for "the next date on which an election may be held, as provided for in R.S. 18:402(F), which falls more than forty-five days after the date" that the registrar files its verification with the governing authority. La.R.S. 26:587(C).

4

Pursuant to La.R.S. 26:588, the five propositions from La.R.S. 26:584(B) must appear on the ballot with a *YES* and *NO* box next to each one. La.R.S. 26:588. The voter chooses which box to mark, and the majority vote cast on each proposition separately determines that issue for the subject area. *Id.* The election must be by secret ballot and "as nearly as possible in accordance with the election laws of the state." La.R.S. 26:589(A). If machines are used, the propositions stipulated in La.R.S. 26:588 must be shown on the machine. La.R.S. 26:589(B).

If the petition fails to substantially comply with the requirements, or the procedures for calling or conducting the election are not substantially complied with, "the election is illegal and ineffective and may be declared null and void" by a court upon suit by "any elector who was qualified to vote in the election." La.R.S. 26:590. Suit must be brought "within thirty days of the promulgation of the results of the election." *Id.* "The governing authority calling the election shall promulgate the result by resolution or ordinance adopted at its first regular meeting after the election and shall publish it in the official journal of the parish." La.R.S. 26:594.

> When the majority of qualified electors voting in an election held under the provisions of this Chapter determine that any or all of the businesses described shall not be licensed, the governing authority calling the election may provide for the prohibition by ordinance, and may provide penalties for the violation of the ordinances. The penalties shall not, however, exceed a fine of one hundred dollars or imprisonment for not more than thirty days, or both.

La.R.S. 26:595.

5

*Trial Court's Findings*

The trial court found that the election itself and the pre-election and post-election procedures resulted in at least five statutory violations. The trial court found a violation of La.R.S. 26:587(B) because the Board did not adopt an ordinance and order the election at their March 7, 2016 meeting as required by that statute, but rather waited 190 days to adopt the ordinance at their September 12, 2016 meeting, and then ordered the election for December 10, 2016. Louisiana Revised Statutes 26:587 (emphasis added) provides as follows:

> A. The governing authority with whom the true copy of the verification is filed by the registrar of voters shall attach to it a sworn statement showing the date, month, and year the verification was filed with the governing authority.
>
> B. If the petition conforms to all the provisions of this Chapter, the governing authority shall order the election. The ***ordinance or resolution*** of the governing authority ***ordering the election shall be adopted at the next meeting held after the verification was filed*** with the governing authority ***by the registrar of voters***.
>
> C. The date fixed for the election ***shall be the next date*** on which such an election may be held, as provided for in R.S. 18:402(F), which falls more than forty-five days after the date verification was filed with the governing authority by the registrar of voters.

Here, the registrar filed its verification of the petition on February 25, 2016. The Board's next meeting was on March 7, 2016. The Board's failure to adopt the resolution on March 7, 2016 violates La.R.S. 26:587(B). Its failure to order the election for November 2016 violates La.R.S. 26:587(C), because the ***only***

6

applicable date under La.R.S. 18:402(F)[2] that was forty-five days after February 25 was one of the November dates in La.R.S. 18:402(F)(2)(a). The March dates in subpart (F)(3) were not forty-five days after the registrar filed the verification on February 25, 2016, and the remaining subparts address odd-numbered years or are otherwise inapplicable. Accordingly, we find no manifest error in the trial court's finding of a violation of the pre-election procedure in La.R.S. 26:587.

The trial court also found a violation of La.R.S. 26:594, which states that the governing authority "shall promulgate" the election results "by resolution or ordinance adopted at its *first regular meeting after the election* and *shall*

---

[2] Bond, tax, or other elections. Every bond, tax, or other election at which a proposition or question is to be submitted to the voters shall be held *only on one of the following dates*:

(1) The third to last Saturday in October or the fifth Saturday after the third to last Saturday in October of 1983 and every fourth year thereafter.

(2)(a) The first Tuesday after the first Monday in **November** or the fifth Saturday after the first Tuesday after the first Monday in November of **even-numbered years.**

(b) Notwithstanding the provisions of Subparagraph (a) of this Paragraph, the fifth Saturday after the first Tuesday after the first Monday in November shall not be applicable in a parish containing a municipality with a population of three hundred thousand or more for an election relative to a parcel fee . . . .

(3) The last Saturday in **March** or the fifth Saturday after the last Saturday in March of any year or on the first Saturday in March or the fifth Saturday after the first Saturday in March **during the presidential election year**.

(4) The second Saturday in October or the fifth Saturday after the second Saturday in October of 1985 and every fourth year thereafter.

(5) Repealed by Acts 2008, No. 134, § 1.

(6) For a parish containing a municipality with a population of three hundred thousand or more, the second Saturday in October or the fifth Saturday after the second Saturday in October in 2017 and every fourth year thereafter.

(7). Repealed by Acts 2015, No. 307, § 3, eff. June 29, 2015.

La.R.S. 18:402(F) (emphasis added).

7

*publish it in the official journal of the parish*." Here, the first regular meeting of the Board following the election on December 10, 2016, was on January 9, 2017. At that meeting, a motion was made to promulgate the election results, but the motion was not seconded, even though the mayor called for a second to the motion three times. Thus, no resolution or ordinance was adopted as mandated by La.R.S. 26:594. The record supports the factual findings of the trial court.

The trial court further found that the resolutions and publications required under the statutes contained numerous errors. We agree. In our review of the record, we found that most of these errors involved dates and that the errors and discrepancies are significant.

The untimely Resolution 2016-6, which ordered the election, was adopted on September 12, 2016, and then published. The Resolution that was published in the *Sabine Index* stated under "Section 3. Canvass" that the Board "shall" meet "on Monday, January 2, 2017" and "shall then and there in open and public session proceed to examine and canvass the returns and declare the results" of the election. The copy of Resolution 2016-6 that was sent to the Secretary of State on October 20, 2016, stated the same language under "Section 3. Canvass" but the date of the meeting was stated as "Monday, January 9, 2017." Thus, the public was given an incorrect date for a public meeting that eventually gave rise to Resolution 2017-1 and introduced Ordinance #182 which contained a violative penalty, as discussed below. The meeting itself did not occur on either of those dates. Rather, the Board held a special meeting on Thursday, January 19, 2017. While not noted by the trial court, the record indicates that the mayor "posted" notice of the January 19 meeting on January 11 and that the *Sabine Index* published the notice on January 18, 2017.

8

At the January 19, 2017 meeting, the election results were canvassed and Resolution 2017-1 and Ordinance #182 were adopted. Both stated as follows:

> SECTION 4. As required by La.R.S. 18:1292, this Governing Authority met at its regular meeting place, the Town Hall, 237 West Port Arthur, Florien, Louisiana, on Monday, January 9, 2017 at Five O'clock(5:00) P.M., and then and there in open and public session proceeded to examine and canvass the returns and declared the results of the said special election approved.

The publications contained the same language, incorrectly representing the date upon which the public meeting accomplished the above. While we do not find that the language used for the five propositions was out of compliance with the language of La.R.S. 26:584(B), we find no manifest error in the trial court's factual findings that the Board violated La.R.S. 26:587 and 594.

The trial court further found a violation of La.R.S. 26:595 because the penalty imposed by the Board to enforce the prohibition of alcohol sales exceeded the statutory limits. This statute limits the fine to $100 and imprisonment for not more than thirty days. However, Resolution 2017-1 and Ordinance #182 adopted by the Board on January 19, 2017, both state as follows:

> Section 8. Whosoever shall violate the provisions of this resolution shall, upon conviction before any court of competent jurisdiction, be fined a sum not exceeding five hundred dollars ($500.00) and court costs or imprisonment for a period not exceeding sixty (60) days or both.

Accordingly, the trial court correctly found a violation of La.R.S. 26:595 as well. We find no manifest error in the trial court's factual findings and affirm the trial court's judgment that the errors in the pre-election and post-election procedures resulted in an election process that was not in substantial compliance with the governing statutes.

9

In addition to the above violations, the trial court briefly discussed at least eighty-seven potentially invalid signatures on the petition to call the election but ultimately pretermitted ruling on the issue because the court found a conflict between La.R.S. 26:584(C) and (D). We find no conflict between these two subsections, and we will conduct a de novo review of this significant issue of invalid signatures.

***Invalid Signatures under La.R.S. 26:584 and Their Effects***

Louisiana Revised Statutes 26:584(C) states as follows:

> C. The petition submitted to a registrar of voters for certification shall be typed, machine printed, or hand printed and shall contain the following information:
>
> (1) The signature of the voter who is signing the petition; however, if a person is unable to write, the incapacitated person shall affix his mark to the petition and the person circulating the petition shall affix the name of the incapacitated person, provided he does so in the presence of two witnesses who shall also sign their names as witnesses to the mark.
>
> (2) The date the voter signed the petition.
>
> (3) The signer's ward or election district and precinct, typed, machine printed, or hand printed.
>
> (4) The residence address of the signer, including municipal number, apartment number, rural route, and box number, typed, machine printed, or hand printed.
>
> (5) The name of the signer, typed, machine printed, or hand printed.
>
> (6) The name of the person who witnessed or obtained the signature.
>
> (7) The date witnessed by the person who witnessed or obtained the signature.

Louisiana Revised Statutes 26:584(D) provides:

> D. Where signatures are made on more than one sheet, each sheet of the petition shall reproduce above the

10

signatures the same matter as is on the first sheet. ***Each petitioner shall sign his name in his own handwriting and shall write his address, his ward and precinct, and the date on which he signed; otherwise his signature shall be null and void.*** Every signature on a petition shall be witnessed at the time of signing, either by the person obtaining the signature or by a registered voter of the state of Louisiana. All information required to be on a petition shall be typed or machine printed or hand printed prior to the time the petition is offered to prospective signees, except for the information in Paragraph C(6) and (7) herein.

Prior to the statute's 1988 amendment, the second sentence of La.R.S. 26:584(D) stated: "Each petitioner shall sign his name in his own handwriting and ***shall write his address and the date on which he signed***, otherwise his signature shall be null and void." La.R.S. 26:584–Historical and Statutory Notes. It is clear that in rewriting subsection (D) in 1988, the legislature intended that each person signing the petition must *handwrite* not only his or her signature, but also his or her address, ward and precinct, and the date upon which he or she signed the petition, or the signature would be null and void. This did not occur. The parties stipulated at trial as follows:

> **MR. VILAR [for plaintiffs]:** And we have one of those persons is Ms. Tonia McNamara Turner, and we have agreed to stipulate that if Ms. Turner was called to the stand, she would state that in 68 occurrences in which she was involved in obtaining signatures on the petition, the petitioner did not write their address in their own – in his or her handwriting, and that in 20 instances, the petitioner did not write the date in which he signed the petition in his or her own handwriting. And we've also agreed to stipulate that none of the persons who signed the petition wrote their ward or precinct in their own handwriting. It is – and, Your Honor, the documents will show – the actual certification from the clerk shows that there was 126 signatures on the petition. So, it's our position that none of the 126 wrote the ward and precinct in their own handwriting and we've stipulated to that.

11

**THE COURT:** Is that correct?

**MS. GARCIE [for defendant]:** Yes, Your Honor.

Louisiana Revised Statutes 26:582 requires that in order to call a referendum election to determine whether the sale of alcohol could be licensed, or in this case, continue to be licensed, the petition must contain signatures of "not less than twenty-five percent of the qualified electors." The registrar of voters certified that there were 406 qualified electors on the registration rolls as of the date of the first signature on the petition. Therefore, the petition had to contain 102 valid signatures, which it clearly did not. Accordingly, the petition did not substantially comply with La.R.S. 26:584(D) or La.R.S. 26:582. It was an invalid petition, and the election should never have been called.

The Secretary of State filed an Amicus brief arguing that it was error to void the election without determining that invalid votes changed the outcome of the election—asserting that this was the plaintiffs' burden of proof—and without ordering a new election pursuant to La.R.S. 18:1432. We disagree for numerous reasons. The *outcome* of the election is not the issue where the election should never have been called in the first place due to an *invalid petition*. In his Amicus brief, the Secretary of State admits that "without a valid petition, there is no basis for holding the local option election." For the same reason, there is no requirement to call a new election. The invalid petition notwithstanding, La.R.S. 18:1432 is permissive, not mandatory, and it does not establish the plaintiff's burden of proof in this case. Under the current version of La.R.S. 18:1432, the trial judge "may" declare the election void and order a new election "for all of the candidates." Thus, this statute is not applicable in this case.

Florien and the Secretary of State mistakenly rely upon *Kelly v. Village of Greenwood*, 363 So.2d 887 (La.1978) to support their position as to the plaintiffs' burden of proof. The 1978 supreme court decision in *Kelly* was based upon the newly enacted Title 18, under which the plaintiff brought his case, and a mandatory version of La.R.S. 18:1432 that did not limit its language to "candidates" as it does now in the permissive version. Further, *Kelly*, was based upon La.R.S. 18:1401(C), which was and still is permissive, stating then and now that "[a] person in interest ***may*** bring an action contesting any election in which any proposition is submitted to the voters if he alleges that except for irregularities or fraud in the conduct of an election the result would have been different." La.R.S. 18:1401(C) (emphasis added). Unlike the plaintiff in *Kelly*, the plaintiffs in this case brought a factually and legally detailed petition under the very specific alcoholic beverage local option laws of Title 26, applying the facts of the subject election to each of the statutes, under which the burden of proof is substantial compliance. The facts in *Kelly* reveal other significant distinctions.

In *Kelly* the only irregularity alleged was the date on which the election was held. Kelly brought suit under the new Title 18 election code that became effective on January 1, 1978, the month of the local option election in that case. He alleged that but for the failure to hold the election on January 21, as authorized by La.R.S. 18:402(F), instead of January 3, the date it was held, the outcome would have been different. Finding that the plaintiff did not present evidence of a different outcome, the trial court dismissed the case. The defendants argued that the new election code did not apply, because the election was called prior to its effective date, and that La.R.S. 26:581, *et seq*., governed, with which there was substantial compliance. The court of appeal reversed the trial court,

13

finding that the new election code repealed only those sections of the local option law where it was in conflict, that the election should have been called for January 21 in compliance with the then current versions of La.R.S. 26:586 and La.R.S. 18:402(F), and that the election was void for this reason. The supreme court reversed the court of appeal and reinstated the trial court. It agreed with the court of appeal that Title 18 only repealed the local option law where it was in conflict, and that the defendants erred in not fixing the date for the election for January 21, as authorized by La.R.S. 18:402(F). However, the court found that the "mere failure" to hold the election on the authorized date was not sufficient to void the election. *Kelly*, 363 So.2d at 889. It therefore held the plaintiff to his own assertions and to the statutes under which he filed suit.

Conversely, in the present case, there were numerous untenable errors and violations, and the governing statutes of Title 26 have numerous mandatory provisions that did not exist in 1978. One has to but read the language in the statutes to readily comprehend the vast number of distinctions between the *Kelly* case and this case. Factually as well, there were no delays in Kelly, and the election was held earlier in the same month it should have been held. Here there was an inexplicable 190-day delay in calling the election, *and* it was called for the wrong date, both in direct violation of the governing statute.

The Secretary of State further argued that the time for challenging the validity of the votes was at the polls on election day pursuant to La.R.S. 18:1434. Again, we disagree. The specific statutes governing this particular kind of option election provide the time for challenging the petition and the election.

More specifically, La.R.S. 26:590, entitled "Violation of standards for petition or election; nullity of election," provides as follows (emphasis added):

14

> *If the petition* fails to substantially comply with the requirements provided in this Chapter *or* if the other requirements specified in this Chapter for *the calling or conduct of the election are not substantially complied with, the election is illegal and ineffective and may be declared null and void* by any court of competent jurisdiction at the suit of any elector who was qualified to vote in the election. *This suit shall be brought within thirty days of the promulgation of the results of the election.*

Here, the results of the election were not promulgated until January 19, 2017, and suit was filed on February 16, 2017, within the thirty-day requirement of La.R.S. 26:590. The statute indicates that the time for challenging the petition and the election are the same, that is, "within thirty days of the promulgation of the results of the election." *Id.* Thus the challenge to the petition was timely raised.

## V.

## CONCLUSION

Based upon the foregoing, we affirm the trial court's judgment voiding the election, Resolution 2017-1, and Ordinance #182 for failure to substantially comply with the governing statutes. Further, finding that the petition itself did not substantially comply with the governing statutes, we amend the trial court's judgment to state that the election was illegally called, ineffective, and therefore null and void, for this additional reason, as was Resolution 2016-6 ordering the election. Court costs of $2,852.14 are assessed to the defendant/appellant, the Village of Florien.

**AMENDED AND AFFIRMED AS AMENDED.**

15